

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2008

# USA v. Brown

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4334

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Brown" (2008). *2008 Decisions.* Paper 898.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/898

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4334
_____

UNITED STATES OF AMERICA

v.

REGINALD BROWN,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 04-cr-00803)
District Judge: Honorable Legrome D. Davis

Submitted Under Third Circuit LAR 34.1(a)
June 10, 2008

Before: AMBRO, CHAGARES, and GREENBERG, Circuit Judges.

_____

(Filed: July 7, 2008)
_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

Reginald Brown appeals his conviction for possession of crack cocaine with intent

to distribute in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B).  He claims that the

Government presented insufficient evidence to find that he constructively possessed the

drugs in question.  As his contention is unpersuasive, we will affirm the District Court's judgment of conviction.

## I.

After a six-month-long investigation of drug activity inside a Philadelphia residence, police arrested Reginald Brown shortly after he left the residence.  The officers subsequently searched the property, finding 372 grams of powder cocaine, over 10 grams of crack cocaine, assorted drug paraphernalia, and body armor.  Brown was charged with three counts: possession of cocaine with intent to distribute, possession of crack cocaine with intent to distribute, and possession of body armor as a convicted felon.  A jury subsequently convicted Brown on the drug charges, and the District Court acquitted Brown, by bench trial, on the body armor count.[1]  On appeal, Brown concedes the sufficiency of the evidence concerning his possession of the powder cocaine and challenges only the evidence concerned his possession of the crack cocaine.

## II.

We review Brown's sufficiency-of-the-evidence argument "de novo and independently appl[y] the same standard as the District Court." United States v. Bobb, 471 F.3d 491, 494 (3d Cir. 2006).  As such, we review the evidence in the light most

---

[1] The Court noted that the drugs were "fluid," meaning, sold with a relatively quick "turn-around."  Appendix (App.) 304-05.  The vests, on the other hand, could have been in the basement for any length of time, including a time before the agents ever began their surveillance, and could have been possessed by persons who had access to the house at some point prior to the agents' investigation of the property.

2

favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence. See United States v. Lopez, 271 F.3d 472, 486 (3d Cir. 2001). "Only when the record contains no evidence, regardless of how it is weighted, from which the jury could find guilty beyond a reasonable doubt, may an appellate court overturn the verdict." United States v. McNeill, 887 F.2d 448, 450 (3d Cir. 1990) (quoting Bradom v. United States, 431 F.2d 1391, 1400 (7th Cir. 1970)).

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 1291.

### III.

As the drugs were not found on Brown's person, the judge permitted the jury to convict Brown based on his constructive possession of the crack cocaine. Constructive possession "requires an individual to have the power and intent to exercise both dominion and control over the object he or she is charged with possessing." United States v. Garth, 188 F.3d 99, 112 (3d Cir. 1999) (adding that the fact that others also have access to an object does not preclude a finding of constructive possession). Moreover, in proving constructive possession, "[i]nferences from established facts are acceptable methods of proof when no direct evidence is available so long as there exists a logical and convincing connection between the facts established and the conclusion inferred. The fact that evidence is circumstantial does not make it less probative than direct evidence." McNeill,

3

887 F.2d at 450.

Here, there is a logical and convincing connection between the facts established and Brown's knowing exercise of dominion and control over the crack cocaine, such that the jury could properly have found guilt beyond a reasonable doubt. To begin with, the record shows that Brown either lived at, or frequently visited (and stored some of his belongings at), the residence in question. The owner of the property, Janine Davis, had been in a romantic relationship with Brown at some point. She acknowledged that Brown had access to the entire house, and indeed Brown had a key that unlocked a padlock on a bedroom door. In that bedroom was, in plain view, a clear plastic bag on a bookcase, containing four one-ounce bags of cocaine and one quarter-ounce bag of cocaine. Police also found $400 on the same shelf, and on a lower shelf they found a shoe box containing rubber gloves, empty Ziploc bags, and a small scale. In that same area of the bedroom, police recovered multiple documents that belonged to Brown, including his passport, checkbooks, an insurance card, and other documents. A search of the kitchen revealed the tools necessary to turn powder cocaine into crack cocaine.

Furthermore, the investigating officers testified that, during the six months of surveillance, they saw no adult other than Brown and Davis enter or leave the residence. Finally, the jury was entitled to credit the homeowner's testimony that she did not know of and was not involved in any of the drug distribution activity. As the Government persuasively argues, "it would be irrational for the jury to find that Brown possessed all of

4

the powder cocaine and all of the drug paraphernalia all over the house, but that some other drug dealer—never seen in six months of surveillance—just happened to be storing his distribution-sized quantities of crack in the bathroom of Brown's house." Appellee Br. at 33. At the very least, construing the record in the light most favorable to the Government, there is sufficient evidence to support Brown's conviction for possession of crack cocaine with intent to distribute. Accordingly, we will affirm the District Court's judgment of conviction.